**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SERIGNE AWA BALLA DIOP, *petitioner* <br><br> *and* MOUSSA NIANG, *as next friend* <br><br> Petitioners, <br><br> v. <br><br> LUIS SOTO, et al. <br><br> Respondents. | Civil Action No. 25-16852 (KMW) <br><br> **ORDER** |

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241 (ECF No. 1), and the Court's November 20, 2025 Order directing a response (ECF No. 10); and

**WHEREAS,** Petitioner Serigne Awa Balla Diop, ("Serigne") a nineteen-year-old native and citizen of Senegal, entered the United States as an Unaccompanied Alien Child ("UAC") on or about April 28, 2023, was granted Special Immigrant Juvenile Status and placed in the custody of Moussa Niang on August 12, 2024. (ECF No. 8 ¶¶ 26–32). Serigne has been in the United States under the care of Mr. Niang since 2023 without any issues and has been granted deferred action until December 5, 2028, along with employment authorization; and

**WHEREAS** on October 21, 2025, Respondents suddenly detained Petitioner while executing a generalized enforcement action in Manhattan's Chinatown, notwithstanding the absence of evidence of any changed circumstances, the lack of any order of removal – let alone a final order of removal – and before any hearing had been held on his pending immigration matters,

and without providing him any bond hearing or other individualized custody determination following his detention; and

**WHEREAS,** on November 20, 2025, this Court ordered Respondents to file an answer within 21 days, identifying, *inter alia,* the legal authority for Serigne's detention, the procedural due process afforded prior to Petitioner's detention, and any appropriate defenses supporting his continued detention; and

**WHEREAS,** Respondents filed an answer on December 11, 2025, citing to authority which they acknowledge has been rejected by every single court to reach the issue in this District (ECF No. 14); and

**WHEREAS,** it appears to the Court, at a minimum, that Petitioner is being unlawfully detained under Respondents' repeated invocation of 8 U.S.C. § 1225 because, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto,* _____ F. Supp. 3d _____, No. 25-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS,** the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.,* No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *see also* App., *Demirel,* 2025 WL 3218243 (ECF No. 11-1) (collecting cases); and

**WHEREAS,** under these circumstances, "Petitioner's arrest and detention were blatantly

unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained"). The Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g., Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning"); therefore

IT IS, on this 29th day of December, 2025,

ORDERED that Petitioner's § 2241 Petition is GRANTED; Respondents shall **on this**

**date** IMMEDIATELY RELEASE Petitioner under the same conditions that existed prior to his detention; and it is further

ORDERED that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

ORDERED that Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

ORDERED that should to the extent that Respondents later detain Petitioner this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this matter, at which time the Court may take further action as appropriate; and it is further

ORDERED that the Clerk of the Court shall **CLOSE** this case.

KAREN M. WILLIAMS
United States District Judge